BOWEN, Presiding Judge.
Dwight D. Hampshire was indicted for first degree kidnapping and first degree assault. At trial, the State amended the indictment to charge second degree kidnapping and attempted first degree sodomy. A jury convicted Hampshire of sexual abuse in the first degree. The ten-year sentence was split so that Hampshire would serve one year’s imprisonment and five years’ probation.
On appeal, Hampshire argues that the trial court erred in allowing into evidence a written transcript of his pretrial statement to the police without a proper predicate establishing the authenticity and accuracy of the transcript.
Hampshire was arrested on October 25, 1983. On that same day he was questioned by Mobile Police Corporal Woodrow Steiner, Jr. The interrogation was tape-recorded and subsequently transcribed. Hampshire was tried on February 13, 1985. At that trial, the State failed to prove the accuracy of the transcript which was admitted into evidence against Hampshire and over the strenuous objection of defense counsel.
Corporal Steiner did not transcribe the tape recording of the interrogation. He had never compared the transcript with the tape recording. The record contains no testimony that the officer even listened to the tape recording of the interrogation. The prosecution did not call as a witness the person who transcribed the tape recording.
At trial, Corporal Steiner testified that to “the best of my knowledge and best of my memory” the transcript was an “exact transcript” of his interrogation of Hampshire. Although the officer consistently testified that the written transcript reflected “exactly what transpired” between himself and Hampshire, he also stated that he would “have to sit down and listen to that tape to be able to swear yes.” The officer only remembered what was on the transcript and could not identify the contents of the “inaudible” portions contained in the transcript.
The trial court admitted the transcript over the continued and vigorous objection of defense counsel but ordered the State to produce a copy of the tape recording. The record shows that the tape could not be located.
A review of the record convinces this Court that Corporal Steiner’s testimony that the transcript was accurate, exact, and complete was based on the fact that the recording had been transcribed and not upon his independent recollection. Steiner even testified that he “just remember[ed] what [he] read” on the transcript and everything he recalled “would be on this piece of paper.” His apparent basis for the accuracy of the transcript was the very existence of the transcript itself.
The same objection which Hampshire raises in this case was raised by the defense in State v. Warwick, 158 Mont. 531, 494 P.2d 627 (1972). There, the accused gave a tape-recorded statement to the police after his arrest. At his trial, some five years later, the tape recording could not be located and the trial court admitted into evidence a written transcription of the recording even though the interrogator had never heard the tape recording and had never compared the recording and the transcript.
The Montana Court adopted the requirements found in Annot., 58 A.L.R.2d 1024, *1142 1027-28 (1958), as a proper foundation for the admission of a second recording:
“(1) a showing that the recording device was capable of taking testimony, (2) a showing that the operator of the device was competent, (3) establishment of authenticity and correctness of the recording, (4) a showing that changes, additions, or deletions have not been made, (5) a showing of the manner of the preservation of the recording, (6) identification of the speakers, (7) a showing that the testimony elicited was voluntarily made without any kind of inducement.” Warwick, 158 Mont, at 542-543, 494 P.2d at 633.
These same foundational requirements were adopted by this Court in Voudrie v. State, 387 So.2d 248, 256 (Ala.Cr.App.), cert. denied, 387 So.2d 256 (Ala.1980).
In holding that the transcript should not have been admitted, the Montana Court discussed the relationship between the foundational requirements for the admission of a tape recording and those necessary to authenticate the accuracy of a transcript made from a tape recording when the recording is not available.
“The criteria for the foundation for admission of tapes or records are specific. Where a transcription is introduced along with the record, and a proper foundation has been laid for the record it will be admissible, for the transcription can be compared with the record or tape. There are some cases where only the transcription of the recording has been offered and though objected to on the basis that the transcription is not the best evidence, courts have admitted the transcription where a proper foundation was laid for the admission. Applebaum v. Applebaum, 84 N.Y.S.2d 505 (Sup.1948); McGuire v. State, 200 Md. 601, 92 A.2d 582 (1952).
“However, in State v. Baca, 82 N.M. 144, 477 P.2d 320, a police officer’s notes that had been transcribed from a tape recorded interview between the defendant and the informer were held inadmissible due to failure to lay a proper foundation for both the recording itself and the subsequent transcription. That is precisely the factual situation here, except under our factual situation the tape is missing or destroyed. This loss or destruction of the tape or record has, in the few cases we have found from other jurisdictions, raised the best evidence rule objection, and where admission has been allowed it has only been after the prosecution has proven the authenticity of the transcription — that is, after laying the proper foundation as to the accuracy of the secondary evidence following the guide lines set forth in 58 A.L.R.2d 1024, heretofore quoted.
“We find the circumstances in this case clearly show the defendant’s statement should not have been admitted and that prejudicial error occurred when it was admitted.” Warwick, 158 Mont. at 543-544, 494 P.2d at 633.
See also United States v. Maxwell, 383 F.2d 437 (2d Cir.1967), cert. denied, 389 U.S. 1057, 88 S.Ct. 809, 19 L.Ed.2d 856 (1968), where the court allowed a transcript of a recorded statement which was lost or destroyed only after it was shown that a government agent had actually compared the transcript with the recorded statement and satisfied himself as to its accuracy.
Without the transcript, Corporal Steiner had no independent recollection of his interrogation of Hampshire. In effect, he remembered the interrogation because it had been transcribed. Yet, the officer never listened to the tape recording to determine if it accurately and correctly contained what was said during the interrogation and never compared the transcript with the tape recording. The prosecution failed to establish a proper foundation for the admission of either the tape recording or the transcript.
This is not a case where this Court can apply the harmless error doctrine. A.R.A.P., Rule 45. In Beech v. State, 439 So.2d 1331 (Ala.Cr.App.1983), the accuracy of the transcribed statement was not challenged and was, in fact, established. Additionally, this Court was “convinced that the *1143 jury’s verdict would have been the same had the tape recording been admitted into evidence instead of, or in addition to, the written transcription of that recording.” Beech, 439 So.2d at 1334. Here, Hampshire was cross examined by the prosecution about material inconsistencies between his trial testimony and his transcribed statement. The transcription was highly inculpatory and prejudicial and there was no proper foundation establishing its accuracy and authenticity.
For this reason, the judgment of the circuit court is reversed and this cause is remanded.
REVERSED AND REMANDED.
All Judges concur.